In re Thomas DAVICH and Adey
Victoria Davich, Debtors.

Thomas DAVICH, Plaintiff,

v.

STATE OF MINNESOTA, ex rel. Patricia Gayle DAVICH and Charmaine
A. Davich Ness, Defendants.

Bankruptcy No. 581–00084.
Adv. No. 581–0044.

United States Bankruptcy Court,
D. South Dakota.

March 2, 1983.

John M. Fousek, Rapid City, S.D., for plaintiff.

Patricia Gayle Davich, pro se.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Debtor Thomas Davich's Complaint to Determine Dischargeability of Debt brought this matter before the Court. Debtor Adey Victoria Davich is not indebted to the defendants and is not a party to these proceedings.

On November 18, 1981, the Court entered a default judgment on Count I of the debtor's Complaint against Defendant Charmaine A. Davich Ness and Defendant State of Minnesota, as assignee of Charmaine Davich Ness, finding that neither party had answered nor appeared at the hearing and that $17,326.00 in accrued child support assigned by Defendant Ness to Defendant State of Minnesota was a dischargeable debt not within the exception provided under 11 U.S.C. § 523(a)(5).

The Court, having considered the briefs submitted by the parties and the pleadings and affidavits on file and having heard the testimony of the witness and arguments of the parties at trial, makes the following decision:

On December 28, 1971, Patricia Gayle Davich (the "defendant") was granted a default divorce from her husband, Thomas Davich (the "debtor"), by the District Court for St. Louis County, Minnesota, pursuant to a stipulation of the parties.

The divorce decree contains a provision which requires the debtor to pay the defendant $25.00 per month in child support each for Sherri Lin Davich, Kelli Susan Davich, and Timothy Scott-Allan Davich.

On March 12, 1976, the defendant assigned to the State of Minnesota all rights to child support payments that had accrued at that date in addition to any current support payments payable while the defendant received AFDC payments.

The defendant received her last AFDC payment in October, 1976.

On April 10, 1978, Mary K. Payson, the defendant's sister and relative caretaker of Sherri Lin Davich, executed an AFDC assignment of support to the State of Minnesota on behalf of Sherri Lin Davich.

There is no assignment of the right to receive $25.00 child support per month each for children Kelli Susan Davich or Timothy Scott-Allan Davich since November 1, 1976.

The debtor filed a voluntary petition in bankruptcy on July 13, 1981, which was prior to the effective date of the amendment to 11 U.S.C. § 523(a)(5). The effective date of the amendment to 11 U.S.C. § 523(a)(5) was August 13, 1981.[1]

The child support accruing from the debtor for Kelli and Timothy Davich for the period of November, 1976, to July, 1981, is $2,800.00.[2]

At the time the debtor filed the bankruptcy petition, there was a pending action against the debtor to collect child support brought on by the State of Minnesota, as

---

1. The amendment to 11 U.S.C. § 523(a)(5) made support payments assigned to the state pursuant to § 402(a)(26) of the Social Security Act nondischargeable. Section 2334 of Title XXIII of the Omnibus Budget Reconciliation Act of 1981, P.L. 97–35.

2. The sum of $2,800.00, instead of the erroneous $3,000.00 alleged by the parties, is computed at $25.00 per month for each of the two children for a total of $50.00 per month for a total of $2,800.00. The parties incorrectly computed the $3,000.00 amount as of the trial date.

assignee of the defendant, in Fall River County, South Dakota.

The debtor filed a Complaint to Determine Dischargeability of Debt alleging in Count II that the defendant had assigned the right to receive accrued child support to the State of Minnesota and the debt was, therefore, dischargeable.

A hearing on the debtor's complaint was held before this Court with the defendant, State of Minnesota, as assignee of the defendant, not filing an answer to the debtor's complaint nor appearing before this Court.

At the time the debtor filed this complaint to determine dischargeability of debt, this Court had jurisdiction under 28 U.S.C. § 1471(b). The defendant urges the Court to abstain from the case in the interest of justice because she cannot properly defend her rights in South Dakota when she lives in Minnesota. The defendant further argues that since the issues of child support were originally decided by a Minnesota state court, that is the forum to decide the issues raised here. This Court cannot agree.

■■■ A bankruptcy court has concurrent but not exclusive jurisdiction to determine the dischargeable character of a debt. 28 U.S.C. § 1471(b); Bankruptcy Rule 409(a)(1). The court has the right to abstain from a particular proceeding in a case in the interest of justice. 28 U.S.C. § 1471(d). However, in the instant proceedings, the question of dischargeability of child support debt is before the Court with both parties given full opportunity to be heard. The defendant submitted an affidavit in support of her answer to the debtor's complaint. The Court has taken judicial notice of that affidavit and the exhibits attached thereto, as well as her subsequent affidavit. There is no controversy before the Court on the facts which support a decision on dischargeability of debt under the Bankruptcy Code. Therefore, this Court is of the opinion that justice would not be served by requiring the parties to relitigate an issue of child support in state court when the issue of dischargeability of

the debt is squarely before this Court at this time.

The first of two issues before the Court for determination is whether an assignment to the State of the right to receive child support from the debtor renders that debt dischargeable when a divorce decree requires the debtor make child support payments to the former spouse but it was the former spouse's sister who executed the assignment in her capacity as relative caretaker of the debtor's child.

■■■ The law in effect at the time the debtor filed his bankruptcy petition on July 13, 1981, discharged debts for child support that had been assigned to a third person or entity. 11 U.S.C. § 523(a)(5) (1976 ed. Supp. III). Congress was clear in its intent that § 523(a)(5) was enacted to protect the rights of a former spouse and child but not the governmental entity such as a welfare agency to whom the debt is assigned. *Hearing on H.R. 31 and H.R. 32 Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary,* 94th Cong., 1st & 2d Sess. 942 (1975–76) (statement of Ernest L. Sarason, Jr.). The courts have consistently adhered to this Congressional intent. *In re French,* 9 B.R. 464, 467 n. 6 (Bkrtcy.S.D.Cal.1981); *In re Wells,* 8 B.R. 189, 192–93 (Bkrtcy.N.D.Ill. 1981); *In re Knabe,* 8 B.R. 53, 55 (Bkrtcy.S. D.Ind.1980). The applicable part of § 523(a)(5)(A) provides that the debt for child support is dischargeable when "such debt is assigned to another entity, voluntarily, by operation of law, or otherwise." The wording of the statute clearly indicates that the intent behind the nonassignment provision is that the section apply to more than just technical assignments. Congress did not insert the words, "or otherwise," as mere surplusage. These words are intended to open or broaden the scope of the meaning of the assigning of a debt beyond the narrow interpretation of technical assignments.

The defendant argues in her brief that she did not assign her right to receive support payments from the debtor for the child

Sherri Davich and that she gave her sister no authorization to assign such right. However, the defendant admits in her brief and affidavits that Sherri Davich lived with the defendant's sister and that the defendant's sister made the assignment in return for AFDC assistance in order to take care of Sherri Davich until Sherri was emancipated. The defendant chooses to ignore the provision in the assignment executed by her sister which provides that the right assigned is a right to support payments for the child on whose behalf the assignment is executed.

The Court cannot accept the defendant's argument that because she made no technical assignment, the debt is excepted from discharge under § 523(a)(5). If the Court were to accept this narrow construction of § 523(a)(5)(A), the debtor would be forced to pay the defendant for a debt of child support when the expense of supporting that child was borne by the State through AFDC assistance. The person with the ultimate right to the benefit of child support payments is the child, and, here, the State supported that child when neither the defendant nor the debtor could. These facts were clearly within the intent of Congress when it provided that an assignment of the debt for child support, either by operation of law or otherwise, bars a determination of nondischargeability of such debt under § 523(a)(5)(A).

The second issue before the Court is whether a provision in a divorce decree requiring the husband to make monthly child support payments to the wife is actually in the nature of support when the husband raises the issue of paternity in bankruptcy court to contest a legal duty of support.

■ A debtor is not discharged from a debt to a former spouse or child of the debtor for support as provided in a divorce decree unless that designated liability is "actually in the nature of ... support." 11 U.S.C. § 523(a)(5)(B). What constitutes support is a question of fact and will be determined under bankruptcy law. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 364

(1977), S.Rep. No. 95–989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* [1978] Cong. & Admin.News 1978, pp. 5787, 5865, 6320. However, this Court, as do most courts, looks to state law for some guidance in dealing with a family relationship in a proceeding that is equitable in nature. *See In re Cleveland,* 7 B.R. 927 (Bkrtcy.D.S.D. 1981). Congress did not expect this Court to operate in a vacuum without referring to the state law governing the family relationship and the liabilities arising from such relationship.

■ The substance of the debt should control over the form of the debt. *See, e.g., Pepper v. Litton,* 308 U.S. 295, 305–06, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). In those cases where a final decree of dissolution of marriage is ambiguous as to the intent of a state court's granting child support, this Court has the inherent power to look at the substance of such decree to determine what in fact was intended. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In the instant case, there is no allegation of ambiguity in the divorce decree. Though the divorce decree of the debtor and defendant is not part of the record herein, there is no dispute but that the decree required the debtor to make child support payments to the defendant in an amount of $25.00 per month for each of three children. The dispute arises over support payments for two of the children, Kelli Davich and Timothy Davich. The debtor argues that he voluntarily entered into a stipulation to pay child support for Kelli and Timothy as an inducement to the defendant to pursue a divorce, even though he had no legal liability to do so because he was not their natural parent. The debtor would have this Court decide the issue of paternity and, upon that basis, discharge this debt for child support as not being in the nature of child support within the meaning of § 523(a)(5)(B). The debtor is looking to bankruptcy court instead of state court for relief in a domestic relations matter.

There is no federal domestic relations law. *DeSylva v. Ballentine,* 351 U.S. 570,

580, 76 S.Ct. 974, 979, 100 L.Ed. 1415 (1956). Although the Bankruptcy Act of 1978 greatly expanded the jurisdiction of bankruptcy courts, this Court has no jurisdiction over such matters as divorce, child custody, or bastardy, 3 *Collier on Bankruptcy,* ¶ 3.01 at p. 3–46 (15th ed. 1982), divorce or alimony allowances, *Boddie v. Connecticut,* 401 U.S. 371, 389, 91 S.Ct. 780, 792, 28 L.Ed.2d 113 (1971), or paternity matters, *cf. id.* The debtor agreed to payment of the child support obligations arising from a presumption of a legal duty of support and thereby imposed in the divorce decree in discharge of that duty. As stated, this Court looks to the substance of the debt and, in this case, the substance of the debt is the maintenance and support of Kelli and Timothy Davich. The defendant has sustained her burden of proof in asserting the nondischargeability of $2,800.00 accrued child support under § 523(a)(5)(B).

This Memorandum Decision constitutes findings of fact and conclusions of law. Debtor's counsel shall submit judgment within fifteen (15) days.