In re Richard Allen BARNETT, Debtor.

Janet BARNETT, Plaintiff,

v.

Richard Allen BARNETT, Defendant.

Bankruptcy No. 85–00370(SE).

Adv. No. 86–0008(SE).

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

July 14, 1986.

Gary S. Heggs, Clayton, Mo., for plaintiff.

William H. Frye, Cape Girardeau, Mo., for debtor/defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On October 21, 1985, Debtor ("Richard") filed his voluntary Chapter 7 petition. On February 21, 1986, Richard received his discharge. On November 21, 1985, the Court fixed February 11, 1986 as the last day for the filing of a complaint to determine the dischargeability of a debt. On February 11, 1986, Richard's former spouse, Janet, timely filed a complaint seeking to except from discharge Richard's debt to her of $3,759.40. This debt arose from a state court decree dissolving the parties' marriage.

Janet's theory is that the particular debt is nondischargeable under 11 U.S.C. § 523(a)(5). That section of the Bankruptcy Code renders certain support obligations to former spouses nondischargeable. Richard contested the applicability of Janet's theory in his Answer filed March 17, 1986. The issue having been duly joined, on June 25, 1986, the Court held a hearing on the matter. Upon the testimony of the parties, the stipulations and briefs of the parties, the argument of counsel, and all other matters of record, the Court this date will enter an order finding the debt in question to be dischargeable. Janet's complaint, therefore, will be dismissed with prejudice.

### BACKGROUND

After approximately fifteen years Richard and Janet's marriage terminated in divorce on August 5, 1985. At the time of the state court divorce hearing on July 22, 1985, Janet had cash assets of less than $2,000.00 and Richard less than $100.00. The parties had other personalty, but it

does not appear to have had substantial value. Both of the parties, however, were heavily indebted to the Farmers Home Administration as a result of a failed farm venture. Richard testified that as of July 22, 1985, the debt was some $43,000.00. Thus, both parties were insolvent at the time of their divorce.

At the time of the divorce hearing, Richard was working as a school teacher. Between teaching school and summer employment, he was earning $26,000.00 annually. Janet was also a school teacher, but had been teaching and doing other jobs only on a part time basis. Her income for 1985 approximated $7,000.00.

Richard and Janet's divorce was contested with the state court imposing its terms. Richard, the respondent, received custody of the two minor children. Janet, the petitioner, received temporary custody and visitation privileges. In relevant part, the decree states as follows:

"Child support: None; that maintenance is not granted; Respondent is ordered to pay to Joseph R. Burcke, Attorney for Petitioner, the sum of $1,000.00 as and for additional attorneys' fees; Other orders: Respondent is ordered to pay to Petitioner the sum of $3,759.40 as her share of the contributions to his pension fund and Petitioner granted judgment for said amount. Execution is stayed for as long as Respondent pays Petitioner $100 on the first day of each month until paid in full. Default on any payment shall cause the balance to be due and payable and execution to issue. Petitioner to have title to and sole possession of the washer and dryer, hutch with mirror, antique wash stand with mirror, china cabinet and budweiser box, her bank accounts, jewelry, insurance policies, 1974 Pontiac and all other personalty in her possession. Respondent to have title to and sole possession of his car and leased pickup, the coin collection, his bank accounts, jewelry, insurance policies and all other personalty in his possession; the parties represent to the Court that no marital property or separate property re-

mains to be apportioned by the Court; and that said Respondent pay the costs herein incurred."

The $3,759.40 awarded to Janet is the object of the instant controversy. This sum represented one-half of the amount in Richard's teachers' pension fund. No documentary evidence, other than the decree itself, speaks to the purpose for this award. Nor was either party's testimony helpful in elaborating on the meaning of the state court decree.

Janet testified that Richard had made only two or three $100.00 payments on the judgment. Richard claimed that he had made seven payments. Given the Court's decision, this conflict in the testimony need not be resolved.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

## DISCUSSION

Section 523(a)(5) of the Bankruptcy Code provides as follows:

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

The Court must apply this statutory language to the facts of the case at bar in order to determine whether Janet's judgment against Richard for $3,759.40 is, in fact, nondischargeable. If this particular debt is a support obligation, it is not dischargeable. If, on the other hand, it is part of a property settlement or has some other purpose, then it is dischargeable.

"In determining whether a particular debt is in the nature of alimony, maintenance, or support, the Court is not bound by the characterization used in the decree but must examine the underlying purpose of the obligation. *In re Williams,* 703 F.2d 1055 (8th Cir.1983); *see also In re Davich,* 27 B.R. 888, 891 (Bkrtcy.D.S.D.1983); *In re Cleveland,* 7 B.R. 927 (Bkrtcy.D.S.D.1981). Bankruptcy courts may only consider circumstances existing at the time of dissolution and 'not the present situation of the parties.' *Boyle v. Donovan,* 724 F.2d 681, 683 (8th Cir.1984). State law is often helpful, but what constitutes alimony, maintenance, or support in each case is a question of fact to be determined under bankruptcy law. S.Rep. No. 989, 95th Cong., 2d Sess. 79, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5865. *See also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 364, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6320. *See, e.g., In re Davich,* 27 B.R. 888 (Bkrtcy.D.S.D.1983); *In re Cleveland,* 7 B.R. 927 (Bkrtcy.D.S.D.1981).

In addition to the divorce or annulment decree, courts have considered the following factors in making this determination:

1. Whether there was an alimony award entered by the state court.

2. Whether there was a need for support at the time of the decree; whether the support award would have been inadequate absent the obligation in question.

3. The intention of the court to provide support.

4. Whether debtor's obligation terminates upon death or remarriage of the spouse or a certain age of the children or any other contingency such as a change in circumstances.

5. The age, health, work skills, and educational levels of the parties.

6. Whether the payments are made periodically over an extended period or in a lump sum.

7. The existence of a legal or moral 'obligation' to pay alimony or support.

8. The express terms of the debt characterization under state law.

9. Whether the obligation is enforceable by contempt.

10. The duration of the marriage.

11. The financial resources of each spouse, including income from employment or elsewhere.

12. Whether the payment was fashioned in order to balance disparate incomes of the parties.

13. Whether the creditor spouse relinquished rights of support in payment of the obligation in question.

14. Whether there were minor children in the care of the creditor spouse.

15. The standard of living of the parties during their marriage.

16. The circumstances contributing to the estrangement of the parties.

17. Whether the debt is for a past or future obligation, any property division, or any allocation of debt between the parties.

18. Tax treatment of the payment by the debtor spouse."

*In re Neely,* 59 B.R. 189, 193 (Bankr.D.S.D. 1986) (citing *In re Coffman,* 52 B.R. 667, 674–75 (Bankr.D.Md.1985)) (footnotes omitted).

Finally, it should be made clear that the burden of proof is on the party asserting that the debt is nondischargeable. *Tilley v. Jessee,* 789 F.2d 1074, 1077 (4th Cir.1986). This is as it should be, since every debt which a debtor must continue to bear impedes his ability to make good on the fresh start which the Bankruptcy Code provides him. *In re Lineberry,* 9 B.R. 700 (Bankr. W.D.Mo.1981).

In determining the parties' intent in the instant case, the Court is limited to the record before it. The Dissolution Decree is clear in not providing maintenance or support to Janet. The decree states that the $3,759.40 awarded to Janet represents her share of the contributions made to Richard's pension fund. Thus, on the basis of the decree alone, the Court would infer that the judgment granted to Janet by the state court was based upon a division of marital property and was not intended to provide a support function.

While, as noted, the state court decree is not necessarily dispositive on this issue, in the absence of any credible evidence that the judgment was granted for the purpose of providing Janet support, the Court must conclude that the debt in question is dischargeable. *See, Tilley, supra,* at 1078. In this case there was no credible evidence from either of the parties which would negate the state court's decree that Janet was *not* granted maintenance and that the judgment for $3,759.40 awarded to Janet represented "her share of the contributions to his [Richard's] pension fund." Although there was a significant disparity in the income level of the parties at the time of their divorce, Richard had the financial burden of custody and both parties were fully capable of working in their chosen field of endeavor. On the record before it, the Court concludes that Janet has not sustained her burden of proof and that, therefore, the debt in question is dischargeable and has been discharged by this Court's order of February 21, 1986.

An Order consistent with this Opinion will be entered this date.