In re James Edward **HORTON**, Debtor.

**Jana Merina HORTON, Plaintiff,**

v.

**James Edward HORTON, Defendant.**

Bankruptcy No. 85–01156(2).
Adv. No. 85–0229(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 22, 1986.

Robert L. Brown, Arnold, Mo., for plaintiff.

Steven A. Goldstein, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On June 21, 1985, Debtor ("James") filed his voluntary Chapter 7 petition. On September 13, 1985, James' former spouse, Jana, filed a Complaint seeking to except from discharge certain of James' obligations arising from a state court decree dissolving their marriage.

Jana's theory is that the obligations are nondischargeable under 11 U.S.C. § 523(a)(5). That section of the Bankruptcy Code renders certain support obligations to former spouses nondischargeable. James contested the applicability of Jana's theory in his Answer filed October 4, 1985. A period of discovery followed, after which the parties submitted the case on the record and memoranda of law. Upon that record, the Court this date will enter a declaratory judgment in Jana's favor.

### BACKGROUND

On July 2, 1984, the state court dissolved the parties' marriage. The parties filed their respective Statements of Income and Expenses with the state court prior to the dissolution hearing. These showed that while James' average monthly income was $1,766.14, Jana's was only $389.28. The parties also filed a Separation Agreement prior to the dissolution hearing. The state court found their Separation Agreement not unconscionable, incorporated it in the decree, and ordered the parties to perform its terms. In the dissolution proceeding, James, the Debtor and Defendant herein, was the respondent, while Jana, Plaintiff herein, was the petitioner. Paragraphs 11 and 12 of the Separation Agreement provided that:

"11. Respondent agrees to pay to the following listed creditors the debts owed to said creditors and warrants the amounts as listed below are the amounts owed to such creditors and agrees to pay said amounts, said creditors and amounts being as follows:

| | |
|---|---|
| Centerre Bank, Mortgage on motorcycle | $3,800.00 |
| Twin City Power Equipment Co., Festus, MO | $4,000.00 |
| Big Woods, Inc. & Joseph Kovarich | $3,149.10 |
| Master Card | $ 702.00 |

Respondent agrees to hold petitioner harmless and indemnify petitioner from any loss or expense which petitioner may

suffer, including reasonable attorney's fee and court costs, by reason of respondent's failure to pay such indebtedness.

12. For and in consideration of respondent assuming all of the aforementioned obligations petitioner waives maintenance, formerly known as alimony, and understands by so waiving she is forever bound by this agreement and cannot at any time in the future come into any court and request maintenance, formerly known as alimony, and both petitioner and respondent understand that this indemnification agreement is non-dischargeable in bankruptcy."

Jana seeks this Court's declaration that Debtor's obligation to indemnify and hold her harmless from any loss or expense which she may suffer by reason of James' failure to pay such debts is nondischargeable under 11 U.S.C. § 523(a)(5). James, on the other hand, contends that his obligations are not in the nature of support and are dischargeable in his bankruptcy case.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

## DISCUSSION

■ A promise to indemnify and hold harmless such as the one found in the parties' Separation Agreement can create an obligation nondischargeable in bankruptcy provided it is made in lieu of maintenance and support. *In re Barac*, 62 B.R. 713, 717 (Bankr.E.D.Mo.1985), *In re Harke*, 24 B.R. 645, 648–49 (Bankr.E.D.Mo.1982).

"In determining whether a particular debt is in the nature of alimony, maintenance, or support, the Court is not bound by the characterization used in the decree but must examine the underlying purpose of the obligation. *In re Williams*, 703 F.2d 1055 (8th Cir.1983); *see also In re Davich*, 27 B.R. 888, 891

(Bkrtcy.D.S.D.1983); *In re Cleveland*, 7 B.R. 927 (Bkrtcy.D.S.D.1981). Bankruptcy courts may only consider circumstances existing at the time of dissolution and 'not the present situation of the parties.' *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir.1984). State law is often helpful, but what constitutes alimony, maintenance, or support in each case is a question of fact to be determined under bankruptcy law. S.Rep. No. 989, 95th Cong., 2d Sess. 79, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5865. *See also* H.R.Rep. No. 595, 95th Cong. 1st Sess. 364, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6320. *See, e.g., In re Davich*, 27 B.R. 888 (Bkrtcy.D.S.D.1983); *In re Cleveland*, 7 B.R. 927 (Bkrtcy.D.S.D.1981).

In addition to the divorce or annulment decree, courts have considered the following factors in making this determination:

1. Whether there was an alimony award entered by the state court.

2. Whether there was a need for support at the time of the decree; whether the support award would have been inadequate absent the obligation in question.

3. The intention of the court to provide support.

4. Whether debtor's obligation terminates upon death or remarriage of the spouse or a certain age of the children or any other contingency such as a change in circumstances.

5. The age, health, work skills, and educational levels of the parties.

6. Whether the payments are made periodically over an extended period or in a lump sum.

7. The existence of a legal or moral 'obligation' to pay alimony or support.

8. The express terms of the debt characterization under state law.

9. Whether the obligation is enforceable by contempt.

10. The duration of the marriage.

11. The financial resources of each spouse, including income from employment or elsewhere.

12. Whether the payment was fashioned in order to balance disparate incomes of the parties.

13. Whether the creditor spouse relinquished rights of support in payment of the obligation in question.

14. Whether there were minor children in the care of the creditor spouse.

15. The standard of living of the parties during their marriage.

16. The circumstances contributing to the estrangement of the parties.

17. Whether the debt is for a past or future obligation, any property division, or any allocation of debt between the parties.

18. Tax treatment of the payment of the debtor spouse.

*In re Barnett*, 62 B.R. 661, 663 (Bankr.E.D.Mo.1986) (quoting *In re Neely*, 59 B.R. 189, 193 (Bankr.D.S.D.1986))."

 In applying these factors, the burden of proof is on the party asserting that the obligation is not dischargeable. In the case at bar, the Court holds that Jana has sustained that burden.

 The intention of the state court (factors 3, 8, 13) as found in the Separation Agreement supports Jana. The paragraphs from the Separation Agreement quoted above unequivocally express the parties' and the court's intention to make James responsible for the debts in lieu of granting maintenance to Jana. Moreover, the parties and the court recognized the possibility of James' bankruptcy and clearly attempted to except James' obligations from discharge in that event. While the state court characterization does not bind this Court, where, as here, it is unequivocal and there is no evidence whatsoever that the indemnify and hold harmless promise had any other purpose, it is sufficient for a declaration of nondischargeability. The disparate income of the parties at the time of the dissolution (factors 11, 12) only lends further support to this conclusion; no

factor negates it. The Court, therefore, holds that Debtor's obligation to indemnify and hold Jana harmless from any loss or expense which she may suffer, including reasonable attorney's fees and court costs, by reason of James' failure to pay Centerre Bank $3,800.00, Twin City Power Equipment Co. $4,000.00, Big Woods, Inc. and Joseph Kovarich $3,149.10, and Master Card $702.00 are nondischargeable in James' bankruptcy case.

An Order consistent with this Opinion will be entered this date.