In re Douglas P. SOVAL, Debtor.

Gordon F. WEBB, Plaintiff,

v.

Douglas P. SOVAL, Defendant.

Bankruptcy No. 86–01221–DPM.
Adv. No. 86–0276(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 26, 1987.

Kris Bryant, St. Louis, Mo., for plaintiff.

Joseph P. Westhus, Chesterfield, Mo., for defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On May 27, 1986, the Debtor ("Douglas") filed his voluntary Chapter 7 petition. On August 6, 1986, Gordon F. Webb ("Webb"), the divorce attorney for Douglas' former spouse, Pamela, filed a two count Complaint against Douglas. In the first count, Webb requested that Douglas' case be dismissed pursuant to 11 U.S.C. § 707(b), or,

in the alternative, that his case be converted to Chapter 13. In the second count, Webb requested that Douglas' debt to him of $3,000.00 be excepted from discharge under 11 U.S.C. § 523(a)(5) and that he be granted judgment against Douglas for that amount, together with interest and attorney's fees. On October 7, 1986, Douglas filed his Answer denying Webb's right to relief on both counts and requesting dismissal of the Complaint.

The issues having been joined, the Court held a hearing on the matter on December 4, 1986, at which time evidence was adduced and the matter taken under submission. Upon the evidence, the argument of counsel, and for the reasons set out below, the Court this date will dismiss Count I on the merits and grant judgment for Webb against Douglas on Count II.

## BACKGROUND

Douglas and Pamela were married in August, 1974 and divorced on July 26, 1985. At the time of their divorce, Douglas, who has a master's degree in public administration, was employed with an annual income in excess of $40,000.00. Pamela, a high school graduate with some college credits, was also employed, but her annual income was only $20,000.00. The couple had two minor children.

The divorce court dealt with the customary issues. First, it valued the family residence at $67,000.00 and awarded it to Pamela. The residence, however, was encumbered by a $62,050.00 deed of trust for which Pamela was declared responsible. The court also awarded her $8,617.00 in personalty, consisting of an automobile, household goods and $200.00 in cash.

Second, the court gave custody of the minor children to Pamela. Although the court found that the reasonable amount to support the children was $950.00 per month, it granted Pamela only $500.00 in child support.

Third, the court dealt with the question of the parties' respective responsibility for attorney's fees. In its initial findings of fact the court stated:

"The Court further finds that Petitioner has requested that Respondent reimburse her for her legal fees in the approximate sum of $7,650.00 and further finds said sum to be reasonable. Petitioner is employed and capable of paying $3,650.00 of her attorneys fees."

In its Amended Decree of Dissolution, the court particularized the award, directing

"that Respondent pay directly to Gordon F. Webb, the attorney for Petitioner, the sum of Three Thousand Dollars ($3,000.00) as and for his additional attorney's fees and Respondent shall pay to Patrick Gunn the sum of One Thousand Dollars ($1,000.00) as and for his additional attorney's fees. The Court finds the total attorney's fees of Seven Thousand Six Hundred Fifty Dollars ($7,650.00) to be reasonable."

Neither Douglas nor Pamela sought maintenance, and the divorce court awarded none. At the hearing in bankruptcy court, however, Pamela testified that she based her waiver of maintenance on the fact that she was working and that the state court ordered Douglas to pay Webb's attorney's fee. According to Pamela, she would not have had sufficient income to support herself unless Douglas paid Webb.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (I), which the Court may hear and determine.

## DISCUSSION

### COUNT I

In his first count, Webb alleged that given Douglas' income and amount of debts, his bankruptcy was filed in bad faith and should be dismissed under Section 707(b) or converted to Chapter 13. At the hearing the Court refused to hear testimony on this count for two reasons. First, because dismissal hearings under Section 707(b) may *not* be brought "at the request or suggestion of any party in interest", Webb lacks standing to bring this issue

before the Court. Second, because the Court may *not* convert a Chapter 7 case to Chapter 13 "unless the debtor requests such conversion", which request Douglas has not made, the Court lacks authority to make such a conversion. 11 U.S.C. § 706(c). Count I, therefore, will be dismissed on the merits.

## COUNT II

In his second count, Webb alleged that the $3,000.00 awarded to him as Pamela's attorney by the divorce court is non-dischargeable pursuant to Section 523(a)(5). That section of the Bankruptcy Code renders certain support obligations to former spouses non-dischargeable.

A court order requiring a spouse to pay another spouse's attorney's fee in a divorce proceeding may be an order for support. *In re Williams*, 703 F.2d 1055, 1057 (8th Cir.1983). "The overriding consideration in determining whether attorney's fee awards are non-dischargeable is whether they are 'actually in the nature of support.'" *In re Smith*, 42 B.R. 628, 631 (Bankr.E.D.Mo. 1984).

"In determining whether a particular debt is in the nature of alimony, maintenance, or support, the Court is not bound by the characterization used in the decree but must examine the underlying purpose of the obligation. *In re Williams*, 703 F.2d 1055 (8th Cir.1983); *see also In re Davich*, 27 B.R. 888, 891 (Bkrtcy.D.S.D.1983); *In re Cleveland*, 7 B.R. 927 (Bkrtcy.D.S.D.1981). Bankruptcy courts may only consider circumstances existing at the time of dissolution and 'not the present situation of the parties.' *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir.1984). State law is often helpful, but what constitutes alimony, maintenance, or support in each case is a question of fact to be determined under bankruptcy law. S.Rep. No. 989, 95th Cong., 2d Sess. 79, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5865. *See also* H.R.Rep. No. 595, 95th Cong. 1st Sess. 364, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6320. *See, e.g., In re Davich* 27 B.R. 888 (Bkrtcy.D.S.D.1983);

*In re Cleveland*, 7 B.R. 927 (Bkrtcy.D.S. D.1981).

In addition to the divorce or annulment decree, courts have considered the following factors in making this determination:

1. Whether there was an alimony award entered by the state court.

2. Whether there was a need for support at the time of the decree; whether the support award would have been inadequate absent the obligation in question.

3. The intention of the court to provide support.

4. Whether debtor's obligation terminates upon death or remarriage of the spouse or a certain age of the children or any other contingency such as a change in circumstances.

5. The age, health, work skills, and educational levels of the parties.

6. Whether the payments are made periodically over an extended period or in a lump sum.

7. The existence of a legal or moral 'obligation' to pay alimony or support.

8. The express terms of the debt characterization under state law.

9. Whether the obligation is enforceable by contempt.

10. The duration of the marriage.

11. The financial resources of each spouse, including income from employment or elsewhere.

12. Whether the payment was fashioned in order to balance disparate incomes of the parties.

13. Whether the creditor spouse relinquished rights of support in payment of the obligation in question.

14. Whether there were minor children in the care of the creditor spouse.

15. The standard of living of the parties during their marriage.

16. The circumstances contributing to the estrangement of the parties.

17. Whether the debt is for a past or future obligation, any property division, or any allocation of debt between the parties.

18. Tax treatment of the payment of the debtor spouse.

*In re Barnett*, 62 B.R. 661, 663 (Bankr.E. D.Mo.1986) (quoting *In re Neely*, 59 B.R. 189, 193 (Bankr.D.S.D.1986))."

 In applying the above factors, the burden of proof is on the party asserting that the obligation is non-dischargeable. *In re Horton*, 69 B.R. 42, 45 (Bankr.E.D. Mo.1986). In the case at bar, the Court holds that Webb has sustained that burden.

The state court found Pamela's legal fees of $7,650.00 to be reasonable and further found her capable of paying $3,650.00 of those fees. By negative implication, therefore, the state court found that Pamela was *not* capable of paying $4,000.00 of her legal fees. Thus, it directed Douglas to pay Webb $3,000.00. Accordingly, factor 3 supports a judgment of non-dischargeability.

Although both parties waived maintenance (factor 1), Pamela testified that she did so only because she believed she would be able to support herself provided that Douglas paid Webb. In effect, the payment to Webb was to be in lieu of maintenance (factor 2). Pamela's testimony was credible given the fact that her income was markedly smaller than Douglas' (factors 5, 11). In addition, Pamela had custody of the minor children, and Douglas was only obligated to pay $500.00 of the $950.00 per month needed for their support (factor 14). None of the other factors appear to be relevant to the case at bar. The Court concludes that the relevant factors favor a finding of non-dischargeability. A judgment for Webb in the principal sum of $3,000.00 will be granted.

Finally, Webb also has requested interest and attorney's fees for the service he has rendered in this adversary. Under Section 408.040, R.S.Mo., Webb is entitled to nine percent interest from July 26, 1985, the date of the state court decree. Webb, however, is not entitled to attorney's fees, there being no authority to grant them. *In re Smith*, 42 B.R. 628, 631 (Bankr.E.D.Mo. 1984). It will be so ordered.

**ORDER**

For the reasons set out in the Memorandum Opinion also filed this date, it is

ORDERED that on Count I of the above captioned Complaint judgment be and it hereby is GRANTED in favor of Defendant, and, that accordingly, said Count I be and is hereby is DISMISSED on the merits; and

IT IS FURTHER ORDERED that on Count II of said Complaint Defendant's debt to Plaintiff in the principal sum of $3,000.00 together with interest thereon at the rate of nine percent per annum from July 26, 1985 be and it hereby is declared to be non-dischargeable, pursuant to Section 523(a)(5) of the Bankruptcy Code and that judgment be and it hereby is GRANTED in favor of Plaintiff and against Defendant in the principal sum of $3,000.00, together with interest thereon at the rate of nine percent per annum from July 26, 1985 until satisfaction be made, plus costs.