**In re Steven Joseph SMITH, Debtor.**

**Steven Joseph SMITH, Plaintiff,**

v.

**Mary R. SMITH, Defendant.**

**Bankruptcy No. 92–42343.**
**Adv. No. 92–4285.**

United States Bankruptcy Court,
W.D. Missouri.

March 22, 1993.

Jack R. Grate, Jr., Independence, MO, for plaintiff.

Luanne F. Kurth, Kansas City, MO, for defendant.

### ORDER AND MEMORANDUM OPINION

KAREN M. SEE, Bankruptcy Judge.

Plaintiff/Debtor filed a complaint to determine whether an order in a decree of dissolution to pay his former wife maintenance in gross and attorney fees is a non-dischargeable support obligation under 11 U.S.C. § 523(a)(5). The court has jurisdiction over this matter and may enter final orders in this core proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2)(I).

The court finds the debts created by the decree are non-dischargeable because the

purpose of the awards was to assist with support, not merely to provide a property settlement.

Debtor and defendant were divorced in August, 1991. Debtor filed a Chapter 7 case in July, 1992. In August, 1992, debtor filed an adversary action seeking to have $4,200 awarded in the dissolution decree as maintenance in gross and $600 as attorney fees declared dischargeable. Debtor contends the debts were not in the nature of alimony, maintenance or support and that the state court intended the debts to be a property settlement to equalize the division of assets. However, the evidence indicates the state court intended the money as a payment of expenses necessary for defendant's support at the time of the decree.

### I. Missouri Law

The court takes judicial notice of the statutory criteria for an award of maintenance in Missouri.[1] In summary, an award of maintenance is based upon need. The decree describes the $4200 award as maintenance in gross, but does not characterize the attorney fee portion of the award. The decree of dissolution, entered August 14, 1991, provided:

> [D]ue to the disparity in property awarded and due to the marital home mortgage payment arrearages ... petitioner shall have a maintenance in gross judgment against respondent in the sum of $4,200.00.

The decree also ordered debtor to pay petitioner's attorney "as and for partial attorney fees, the sum of $600.00."

Maintenance in gross awards have often been used to equalize property distributions, while still characterizing the payment as maintenance. Maintenance in gross provisions have been questioned in recent years. In *Heilman v. Heilman*, 700 S.W.2d 843, 845 (Mo. banc 1985), the Missouri Supreme Court explained the term "maintenance in gross" is disfavored: "[T]rial courts should refrain from characterizing payments in lieu of property as 'maintenance.'"

Later, in *Cates v. Cates* the Missouri Supreme Court held that "maintenance in gross is no longer recognized as a tool for providing economic sustenance under [Mo.Rev.Stat. §] 452.335." 819 S.W.2d 731, 738 (Mo. banc 1991) (partially overruling *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 801 (Mo. banc 1983), which held that maintenance in gross originated in Mo.Rev. Stat. § 452.335). *Cates* was decided on November 19, 1991, three months after entry of the decree in this case.

Here, debtor argues that since maintenance in gross as a vehicle for economic sustenance, *i.e.* maintenance, does not exist under Missouri law, the award in this case must be a property division. However, dealing with a similar predicament, the court in *Klein v. Klein*, 837 S.W.2d 567,

1. Mo.Rev.Stat. § 452.335.1 provides the court may grant maintenance only if it finds the spouse seeking maintenance

   1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

   2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

In determining whether maintenance is appropriate, the state court must also consider factors specified in Mo.Rev.Stat. § 452.335.2:

   1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

   2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

   3) The comparative earning capacity of each spouse;

   4) The standard of living established during the marriage;

   5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

   6) The duration of the marriage;

   7) The age, and the physical and emotional condition of the spouse seeking maintenance;

   8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

   9) The conduct of the parties during the marriage; and

   10) Any other relevant factor.

570 (Mo.App.1992), decided that an award incorrectly labeled "maintenance in gross" would be construed as maintenance because it more closely resembled maintenance than a property division.

Debtor supports his dischargeability argument with the facts that: the decree states that neither party is requesting statutory maintenance; and defendant's petition for dissolution states that "neither party is requesting maintenance" and requests in the prayer for relief that the state court "Order that no maintenance be paid one party to another."

Defendant was awarded the marital home in the dissolution decree, but debtor lived in it from the time they separated, April 6, 1990, until the dissolution. Debtor was living in the home after defendant's petition for dissolution was filed. During that time, debtor missed seven monthly mortgage payments, resulting in an arrearage of $3,288.88. Five days after the state court entered the decree, defendant moved back into the marital home and stopped foreclosure proceedings by borrowing $4000 from a family member to pay the arrearage.

The parties offered conflicting testimony on the home's condition when defendant received possession. Defendant testified that when she moved back into the house she discovered the property was "trashed" and was uninhabitable without significant expenditures for repairs. Debtor denied he damaged the house before surrendering possession. He said it merely needed repairs the parties had neglected during the marriage. The court finds that defendant testified credibly about the property's condition, and notes that debtor had exclusive possession and control of the property during the time it was damaged.

## II. Bankruptcy Law

Title 11 U.S.C. § 523(a)(5) provides an exception from discharge for debts:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order … but not to the extent that—
>
> \*    \*    \*    \*    \*    \*
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Section 523 requires the bankruptcy court to decide whether the debt is maintenance or support regardless of what the state court called it. The state court's characterization in the decree does not bind this court. *In re Phillips,* 80 B.R. 484, 486[1] (Bankr.W.D.Mo.1987); *In re Soval,* 71 B.R. 690 (Bankr.E.D.Mo.1987). The bankruptcy court must decide whether a particular debt is in the nature of alimony, maintenance, or support based on the underlying purpose of the obligation. *Soval,* 71 B.R. at 692 (citing *In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983)); *see also In re Davich,* 27 B.R. 888, 891 (Bankr.S.D. 1983).

"The overriding consideration in determining whether attorney's fee awards are non-dischargeable is whether they are actually in the nature of support." *In re Smith,* 42 B.R. 628, 630 (Bankr.E.D.Mo. 1984) (citing *In re Williams,* 703 F.2d 1055 (8th Cir.1983)). *Soval,* 71 B.R. at 692–93, lists 18 factors that should be considered by the bankruptcy court when determining whether a debt is in the nature of support. It is not necessary to establish or disprove each factor to make this determination. Relevant factors listed in *Soval* include whether there was a need for support at the time of the decree and whether the support award would have been inadequate absent the obligation in question; the intention of the state court to provide support; existence of a legal or moral obligation to pay alimony or support; financial resources of the parties; whether the state court fashioned the payment to balance disparate incomes of the parties; and whether there was a minor child in the care of the creditor spouse.

In applying the above factors, the burden of proof is on the party asserting

the obligation is non-dischargeable. *Soval,* 71 B.R. at 693 (citing *In re Horton,* 69 B.R. 42, 45 (Bankr.E.D.Mo.1986)). The burden is on Mrs. Smith even though she is the defendant in this case. By a preponderance of the evidence, defendant has sustained her burden to establish the obligation was in the nature of support and not a property award.

■ The decree awarded defendant $4200 "due to the disparity in the property awarded and due to the marital home mortgage payment arrearages" and provided there would be no award of maintenance to either party. However, characterization of the payment as relating to the disparity of property awarded is not determinative under § 523. In effect, the payment by debtor was to be in lieu of maintenance, which is a *Soval* factor. 71 B.R. at 692.

The state court awarded defendant one of two cars and the marital home, the primary asset of the marriage, for defendant and the child to live in. Debtor testified he purchased the house for his daughter's benefit and he wanted her to continue to live there. Where a bankruptcy follows a divorce, an important factor is whether the state court awarded property such as the car or house to the spouse who has custody of the child, especially if it is a house in which the minor child will continue to live. Payment of the obligation and preservation of the family home are directly connected. Although the state court did not designate the debt as a support obligation, all the evidence indicates that the state court intended the debt to serve primarily a support function.

The decree, paragraph 20, states the actual arrearage was for seven months, for a total of $3288. The judgment amount of $4200 does not equal the actual arrearage. Still, the entire $4200 is in the nature of support considering that: 1) defendant's income was considerably less than debtor's income; 2) the house was about to be foreclosed when she received title to it; and 3) at the time of the decree the state court anticipated additional expenses besides the mortgage arrearage.

Another factor to consider is the financial resources of each spouse. *Soval,* 71 B.R. at 692. Based on the parties' tax returns, a gross disparity of income existed at the time of the divorce. The decree states that defendant's and debtor's annual gross incomes totalled $16,577.52 and $34,678.01, respectively. Debtor made more than twice as much as defendant.

The facts of this case distinguish it from *In re Dimmitt,* 132 B.R. 617, 619 (W.D.Mo. 1991), where an award identified as maintenance in gross was held to be a dischargeable property division, not a maintenance obligation. In *Dimmitt,* the divorced parties were, at least superficially, very affluent. The parties' separation agreement valued the husband's periodontal practice at $420,000, awarded the practice to the husband and provided to wife, as maintenance in gross, $210,000, which was one-half the value of the practice, payable at eight percent over 10 years.

According to the wife's testimony in *Dimmitt* the amount of maintenance in gross bore no relationship to her support needs and was, in fact, far in excess of her stated support needs. In addition, there were other detailed maintenance provisions, but the payment in question was placed in the property division section and not the maintenance section of the separation agreement. Providing for payment of an amount which was one-half the value of the dental practice, payable with interest over time, rather than payment of an amount reflecting the actual support needs of the wife, reinforced the conclusion that the payment was intended as an equalization of the property division and not a support provision. The court further concluded that the label "maintenance in gross" was applied to the payment in an effort to prevent the dischargeability of a property settlement payment obligation.

Unlike *Dimmitt,* the debt here is clearly in the nature of support. The $4200 award related directly to a support need. The amount is approximately equal to the amount of arrearage defendant could not pay, and other moving and repair expenses. The evidence also supports the conclusion

that defendant was not capable of paying the $600 in attorney fees.

### CONCLUSION

Defendant has shown by a preponderance of the evidence that the $4,200 maintenance in gross and $600 attorney fee awards were intended primarily to serve support functions, and are therefore non-dischargeable in this bankruptcy proceeding. Judgment for a total of $4,800 will be granted to defendant. Accordingly, it is hereby

**Ordered, Adjudged and Decreed** that judgment is entered in favor of defendant and against plaintiff/debtor in the amount of $4,800.00, together with interest at the state statutory rate of nine percent from the date of entry of the decree of dissolution, and costs. It is

**FURTHER ORDERED** that the judgment entered herein, based on the state court decree of dissolution, is excepted from discharge in bankruptcy pursuant to 11 U.S.C. § 523(a)(5).