**In re Gregory Allen DUNSCOMBE, Debtor.**

**Geradette A. DUNSCOMBE, Plaintiff,**

**v.**

**Gregory Allen DUNSCOMBE, Defendant.**

Bankruptcy No. 91–45885–172.
Adv. No. 91–4338–172.

United States Bankruptcy Court, E.D. Missouri, E.D.

March 5, 1992.

David A. Sosne, Trustee, St. Louis, Mo.

Timothy H. Battern, St. Louis, Mo., for debtor/defendant.

Stephen R. Fleddermann, Cundiff, Turken & Londoff, St. Charles, Mo., for plaintiff.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

The trial of this matter was conducted on February 12, 1992. The parties appeared in person and by counsel and presented testimony and evidence on the record. These findings and conclusions and orders are entered after a consideration of the record as a whole, including the parties' memoranda of law submitted after the trial.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On August 1, 1991, the Circuit Court of St. Louis County, Missouri entered a Decree of Dissolution of the marriage between Geradette Ann Dunscombe, Plaintiff, and Gregory Allen Dunscombe, Defendant/Debtor. The parties had been separated from each other for approximately two years before the Decree was entered.

As part of the Dissolution Decree, the State Circuit Court ordered that the parties were to perform the terms of a separation agreement captioned, "Stipulation for Property Settlement, Child Custody, Support, Maintenance and Court Costs." The latter document (the "Stipulation") was signed and dated by the parties on August 1, 1991, the date that had been set for the trial of the disputed dissolution proceeding.

At paragraph no. 10 of the Stipulation, both parties, "with full knowledge and understanding hereof," waived maintenance. Both parties testified during the hearing on this complaint that no maintenance had been ordered to be paid during the period before the entry of the Decree of Dissolution.

The Plaintiff's complaint is based upon paragraph no. 8 of the Stipulation which states as follows:

"8. In consideration of Respondent waiving any rights to maintenance, either periodic or in gross, Petitioner agrees to pay Respondent's attorney fees in the sum of $5,000.00, and Respondent is, therefore, awarded judgment against Petitioner in the sum of $5,000.00 as and for attorney's fees, with a stay of execution thereon so long as Petitioner pays the sum of $100.00 per month on the unpaid balance."

The Plaintiff has argued that this award is in fact in the nature of maintenance, alimony or support and, therefore, is not dischargeable pursuant to 11 U.S.C. § 523(a)(5). The Defendant/Debtor has argued that the debt is an unsecured claim for attorney's fees and is, therefore, dischargeable.

Although the parties and a nonbankruptcy court may describe a particular award in a decree of dissolution as being something other than alimony, maintenance or support, the Bankruptcy Court must look to the nature of the award when considering the question of dischargeability under the Bankruptcy Code. *In re Williams*, 703 F.2d 1055 (8th Cir.1983).

The agreement in this case contains a specific statement whereby each party waives maintenance. This statement was approved by the State Circuit Court as part of the Stipulation that was incorporated into the Decree of Dissolution. In addition to the parties' waiver in the Stipulation, the State Circuit Court's order includes the following phrase: "that maintenance is waived."

Notwithstanding this specific language in the decree, the Plaintiff has stated that she waived any rights to maintenance only as consideration for the Defendant/Debtor's promise to pay her attorney's fees. The circumstances in this case, however, do not support the Plaintiff's contention that the award of attorney's fees was in fact in the nature of maintenance, alimony or support.

The Plaintiff testified that she would not have agreed to a divorce, and would not have agreed to waive any rights to maintenance, if the Defendant/Debtor had not agreed to pay attorney's fees. She stated that her demand for attorney's fees had been conveyed to the Defendant/Debtor on several occasions prior to the entry of the Dissolution Decree.

She testified further that approximately one year prior to the entry of the Dissolution Decree, she voluntarily left her employment with a major department store where her gross annual income was approximately $10,000.00. During the twelve months preceding the entry of the Dissolution Decree, her income was approximately $600.00 to $700.00 per month. The Defendant/Debtor's income at that time was approximately $33,000.00 per year.

The Defendant/Debtor testified that the Plaintiff had never requested the payment of maintenance for herself. He stated further that paragraph no. 8 of the Stipulation was added to the document shortly before the hour set for the commencement of the disputed dissolution trial. He did not believe that the $5,000.00 attorney's fee award was an award of maintenance to the Plaintiff.

The testimony at trial also indicated that the Plaintiff had never included the payments received from the Defendant as income on her tax returns. The Court finds from the record that the Plaintiff is, and was at the time of this dissolution, capable of earning an income that when combined with the non-dischargeable awards ordered by the State Circuit Court, would support the determination that the attorneys fee obligation was not in the nature of maintenance, alimony or support.

In view of the circumstances in this case, the Court must conclude as a matter of fact and conclusion of law that the parties' agreement and the State Circuit Court's award in the amount of $5,000.00 is dischargeable in this case.