In re Ronald ELLIS, Debtor.

Mark KRUGER, Plaintiff,

v.

Ronald ELLIS, Defendant.

Bankruptcy No. 91–43812–293.
Adv. No. 91–4352.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Jan. 26, 1993.

See also 149 B.R. 927.

Eileen M. Love, Clayton, MO, for plaintiff.

Joseph S. Rosenthal, St. Ann, MO, for debtor/defendant.

Leslie A. Davis, Clayton, MO, Trustee.

James S. Cole, St. Louis, MO, Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

(1) On June 7, 1991, Ronald Ellis filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code and on July 8, 1991, the Court entered an order granting Debtor's motion to convert his case to one under Chapter 7 of the Bankruptcy Code.

(2) In his schedules, Debtor listed a debt to Mark Kruger in the amount of $15,-839.25 among his unsecured obligations.

(3) On October 11, 1991, Mark Kruger filed this adversary proceeding claiming that:

    (a) he had represented Susan Ellis in her dissolution proceedings against Ronald Ellis;

    (b) the trial court in the dissolution matter ordered Ronald Ellis to pay Mr. Kruger $15,000.00 as the attorney's fees Susan incurred in the course of the dissolution, plus $839.25 which represented his expenses from the representation;

(c) an appellate court ordered Ronald Ellis to pay the $3,025.00 in attorney's fees Susan Ellis owed Mr. Kruger for defending the trial court's dissolution decree on appeal; and

(d) these attorney's fees, in a total amount of $18,025.00 and expenses in an amount of $839.25 are in the nature of maintenance and support and are, therefore, nondischargeable in bankruptcy.

(4) The Court held a hearing on this matter on July 28, 1992, at which time it also heard evidence for a related adversary filed by Susan Ellis in which she asked the Court to deny Ronald Ellis a discharge with respect to various other debts.

FACTUAL BACKGROUND

After consideration of the parties' joint stipulation of facts, the testimony and a consideration of the record as a whole, the Court makes the following findings of fact:

(1) Mark H. Kruger, an attorney, represented Susan Ellis in the dissolution proceedings between her and the Debtor, her ex-husband.

(2) A Decree of Dissolution entered in the St. Louis County Circuit Court on November 29, 1989 dissolved the Ellises' marriage. That Decree, among other provisions, ordered Ronald Ellis to pay Mark Kruger $15,000.00 in payment of the attorney's fees Susan Ellis incurred in the course of the dissolution proceeding and $839.25 representing the expenses Mr. Kruger sustained while representing Susan Ellis.

(3) The trial court ruled that the attorney's fees it awarded Susan Ellis were in the nature of support.[1]

(4) Other provisions of the Decree of Dissolution ordered Ronald Ellis to:

(a) pay maintenance to Susan Ellis of $2,250.00 a month;

(b) pay child support to Susan Ellis in the amount of $1,950.00 a month ($650.00 per child);

(c) provide medical and dental insurance for the three children of his marriage to Susan Ellis for the remainders of their minorities;

(d) provide Susan Ellis with medical and dental insurance for three years following the divorce;

(e) take the steps necessary to transfer half of the parties' frequent flier miles to Susan Ellis; and

(f) pay, defend and hold Susan Ellis harmless on numerous, specified debts.

(5) The Decree dissolving the Ellis' marriage also provided that:

"[a]s and for her partial share of the parties' marital property, Petitioner is awarded Three Hundred Thousand Dollars ($300,000.00) to be paid to her by Respondent, as her interest in Respondent's pension and profit sharing plan with Vantage Footwear, Inc., and Vantage Footwear Inc. Said award shall be deemed a judgement lien against Respondent's interest in said plan and his interest in the stock of Vantage Footwear, Inc., which is held in or by said plan. Respondent shall execute a Qualified Domestic Relations Order consistent with this Decree and the Court retains jurisdiction thereof."

(6) In six or seven of the ten years before the divorce, Mr. Ellis earned in excess of $150,000.00 as a member of the upper level management in the companies for whom he worked. In contrast, through the seventeen-year course of the parties' marriage, Susan Ellis had not worked outside the parties' home. At the time of the Ellises' divorce, Ms. Ellis lacked formal job training, having only attended three years of college. Susan was not employed at the time of her divorce from Ronald but shortly thereafter procured part-time employment which paid her $5.50 an hour for 15 to 20 hours a week.

(7) Debtor stipulated at the hearing on July 28, 1992, that at $4,200.00 a month,

1. The Missouri Court of Appeals overturned the trial court's holding that the attorney's fees the trial court ordered Ronald Ellis to pay were support on the ground that in Missouri, attorney's fees are separate from and should not be considered maintenance. *Ellis v. Ellis,* 802 S.W.2d 546, 549 (Mo.Ct.App.1991) citing *In re Marriage of Jadwin,* 671 S.W.2d 9 (Mo.Ct.App. 1984).

approximately the sum Susan Ellis received in maintenance and child support, she could not have paid off the significant debts the Ellises had (that the Decree assigned to Ronald), nor could she have paid the attorney's fees that the Decree ordered Ronald to pay.

## DISCUSSION

Mr. Kruger bases his claim of nondischargeability on Section 523(a)(5) of the Bankruptcy Code which denies a debtor a discharge of debts owed for child support or maintenance pursuant to a dissolution decree. *See* 11 U.S.C. § 523(a)(5). The Eighth Circuit has held that the determination of whether an obligation is in the nature of support or in the nature of a property settlement is a question of federal bankruptcy law. *In re Williams*, 703 F.2d 1055, 1056 (8th Cir.1983). Hence, the state appellate court's decision holding that the award of attorney's fees in this case could not be maintenance does not bind this Court. Likewise, the state trial court's determination that the fees it awarded to Ms. Ellis were in the nature of maintenance, while a factor this Court may consider, does not bind this Court either.

The Eighth Circuit has also held that "[d]ebts payable to third persons can be viewed as maintenance or support obligations." *Id.* at 1057. Our Circuit Court has instructed courts to look to the function of an award in deciding whether an award represents a property settlement or a maintenance obligation. *Id.* In a recent decision, this Court recognized that a majority of courts refuse to discharge debts representing attorney's fees awarded in dissolution proceedings, reasoning that, "except when it appears clearly that the award was a property settlement, attorney fees awarded to an ex-spouse in a dissolution decree are so closely connected with an award of support as to be in the nature of support or alimony and, therefore, are nondischargeable." *In re Maune*, 133 B.R. 1010, 1015 (Bankr.E.D.Mo.1992), *citing, In re Grijalva*, 72 B.R. 334 (S.D.W.Va.1987). In past decisions this Court has looked to a number of factors in deciding whether an award made in a dissolution decree func-

tions as a property settlement or maintenance. *In re Barnett*, 62 B.R. 661, 663 (Bankr.E.D.Mo.1986).

Here, the Court feels that an examination of the factors indicates that the state court's award of attorney's fees to Susan Ellis functioned as maintenance. For instance, at the time of the divorce, Debtor was employed as an executive who had earned more than $150,000.00 in the majority of the prior ten years while Ms. Ellis lacked any formal job skills, having worked in the home for seventeen years. The Decree of Dissolution also awarded Susan Ellis custody of the couple's children and testimony adduced at the hearing before this court proved that Ms. Ellis could not have paid these attorney's fees at the time of the award. Finally, the Debtor, at the hearing on the dischargeability of these fees stipulated that Ms. Ellis could not have paid off these fees given the amount of child support and maintenance she received under the Dissolution Decree. The fees owed to Mr. Kruger are nondischargeable because they functioned as maintenance.

An Order consistent with this Memorandum Opinion will be entered this date.