In re August L. LOMBARDO, a/k/a Larry Lombardo, a/k/a Lawrence A. Lombardo, et al., Debtor.

SCHECHTER & WATKINS, P.C., and Theodore Schechter, Individually, Plaintiffs,

v.

August L. LOMBARDO, a/k/a Larry Lombardo, a/k/a Lawrence A. Lombardo, et al., Defendant.

Bankruptcy No. 90–45801–293. Adv. No. 91–4045.

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 11, 1993.

Theodore S. Schechter and Jeanne M. Fox, Clayton, MO, for plaintiffs.

James A. Fredricks, Clayton, MO, for defendant.

Charles W. Riske, Clayton, MO, trustee.

James S. Cole, St. Louis, MO, Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

The Plaintiffs are attorneys who represented the Debtor's former wife in Dissolution proceedings before the Circuit Court for St. Louis County, Missouri. They seek to deny the discharge of their attorneys' fees and costs pursuant to 11 U.S.C. § 523(a)(5) in the sum of $16,718.10 together with statutory interest at the rate of nine percent (9%) per annum from June 5, 1989 to present, and the sum of $2,887.44 together with statutory interest at the rate of nine percent (9%) per annum from May 2, 1989 to the present, on the principal balance of $2,367.91. The parties informed the court that there was no real dispute as to the facts in this case and therefore it was submitted to the Court on joint Proposed Stipulation Of Facts and Briefs.

### FACTUAL BACKGROUND

The parties submitted the following joint Proposed Stipulation Of Facts for the court to consider in this case:

1. Defendant filed his voluntary petition under Chapter 7 of the Bankruptcy Code on November 20, 1990.

2. Plaintiffs are listed as creditors in Defendant's bankruptcy schedules.

3. This Court has jurisdiction over this proceeding.

4. This is a core proceeding.

5. The authenticated copy of Findings of Fact and Order for Contempt entered June 5, 1989, and the Findings of Fact, Conclusions of Law and Decree of Dissolution entered on June 5, 1989 is a true and correct copy of the original judgment, and the facts so stated in the decree are hereby incorporated as if fully set forth herein.

6. Plaintiffs hold a valid State Court judgment rendered from the Circuit Court of St. Louis County on June 5, 1989, by Judge Kenneth Weinstock.

7. The judgments, which are the subject matter of this adversary proceeding, were entered when the Decree of Dissolution of Marriage was rendered.

8. On June 5, 1989, the State Court made the following Order: "Husband is ordered to pay Schechter & Watkins, P.C. the sum of $15,000.00 as and for a portion of Wife's attorneys' fees, and the further sum of $1,718.10 as and for costs, which may be enforced in the name of said firm alone and for which let execution issue."

9. On June 5, 1989, the State Court ordered defendant to pay $2,887.44 as additional unpaid attorneys' fees with interest from May 2, 1989 previously awarded in the *pendente lite order* dated December 2, 1986.

10. To date, these judgments remain unsatisfied.

11. Under the State Court judgment, the defendant was ordered to pay his ex-

spouse $1,000.00 per month nonmodifiable maintenance for a period of thirty-six months.

12. Under the State Court judgment, defendant had no liability to continue payments after death or remarriage of recipient ex-spouse.

13. During the pendency of the State Court proceedings, defendant was ordered to pay $2,000.00 per month as and for temporary maintenance of his spouse.

14. The State Court issued a finding of fact that "Wife though presently employed is nevertheless unable at this time to be self supporting (sic) ...".

15. The State Court issued a finding of fact that the economic circumstances of the parties are disparate, with Husband enjoying a distinct advantage.

16. Defendant's ex-spouse is now deceased.

17. The State Court found that the attorney fees are reasonable and that defendant had paid no amounts voluntarily.

After a review of the record, the Court makes the following further findings:

18. Mr. Lombardo, at the time of the parties' divorce was "able bodied and self employed and [was] earning a substantial wage in excess of $50,000.00 per year, albeit hidden and concealed." See Circuit Court's "Findings of Fact and Order for Contempt" at p. 2.

19. At the time of their divorce, both Mr. and Mrs. Lombardo were 42 years of age.

20. Mrs. Lombardo held a high school diploma and had never completed any college level course work or vocational training at the time of her divorce from Mr. Lombardo. She had previously worked as a waitress, a file clerk and a bartender but had, at Mr. Lombardo's request, not worked since 1978.

## DISCUSSION

The Eighth Circuit has held that "[d]ebts payable to third persons can be viewed as maintenance or support obligations." *In re Williams*, 703 F.2d 1055, 1057 (8th Cir. 1983). The Circuit Court has specifically held that attorneys' fees awarded by a state court in a divorce proceeding are nondischargeable in bankruptcy when a bankruptcy court determines that those fees serve to support the beneficiary/ex-spouse. *Id.* This Court has noted that a majority of courts prefer not to discharge debts representing attorneys' fees awarded in the course of dissolution proceedings because these fees are usually so closely related to the award of support as to be themselves in the nature of support. *In re Maune*, 133 B.R. 1010, 1015 (Bankr.E.D.Mo.1991), *citing, In re Grijalva*, 72 B.R. 334 (S.D.W.Va. 1987). Nonetheless, the Eighth Circuit's *Williams* decision directs this Court to independently examine the facts of a given case to determine whether the award of attorneys' fees serves a support function, 703 F.2d at 1058.

The facts in this case demonstrate that the attorneys' fees awarded in the state court's dissolution decree serve a support function. At the time of the dissolution of the parties' marriage, Mr. Lombardo owned his own profitable business and possessed the skills to continue to provide a comfortable living for himself. Mrs. Lombardo, on the other hand, had not worked in eleven years and lacked the education and job skills which would enable her to continue to live in the manner to which she had become accustomed during her marriage to Mr. Lombardo. The state court even found that Mrs. Lombardo could not support herself. Given the facts in this case, the Court is convinced that the dissolution decree's award of attorneys' fees serves a maintenance function and as such is nondischargeable under section 523(a)(5) of the Bankruptcy Code.

An order consistent with this opinion will be issued this date.

## ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED that the attorneys' fees and costs awarded to Plaintiff in the state court's Decree of Dissolution of Marriage in the sum of $16,718.10 together with statutory interest at the rate of nine percent

(9%) per annum from June 5, 1989 to present, and the sum of $2,887.44 together with statutory interest at the rate of nine percent (9%) per annum from May 2, 1989 to the present, on the principal balance of $2,367.91, serve a maintenance function and as such are nondischargeable under Section 523(a)(5) of the Bankruptcy Code.