**In re Mark Ora HOLDENRIED, Debtor.**

**Janet F. CATALONA and Chris Adelman–Adler, Plaintiffs,**

v.

**Mark Ora HOLDENRIED, Defendant.**

Bankruptcy No. 94–43127–399.
Adv. No. 94–4357–399.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 2, 1995.

Mark Ora Holdenried, debtor/pro-se/defendant.

A. Thomas DeWoskin, Chapter 7 Trustee, St. Louis, MO.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Chief Judge.

### INTRODUCTION

This is a dischargeability proceeding in which the plaintiff seeks to prevent the debtor from discharging a debt payable to the plaintiff for representing the debtor's former spouse in a dissolution proceeding.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(B) & (I).

### STATEMENT OF FACTS

On October 29, 1993, the eight year marriage of Judith and Mark Holdenried was dissolved by the Circuit Court of the City of St. Louis, State of Missouri. Plaintiff, Janet F. Catalona, ("Plaintiff"), represented Judith Holdenried throughout the proceeding. The Debtor/Defendant, Mark O. Holdenried, ("Debtor") filed a bankruptcy petition on June 14, 1994, whereupon Plaintiff brought this adversary proceeding.

Plaintiff seeks to find the award of attorney fees, made payable directly to her by virtue of the dissolution decree, non-dischargeable in Debtor's Chapter 7 bankruptcy. The dissolution decree makes many detailed findings of fact and conclusions of law.

Those relevant to the issue in this case include the following, which this Court adopts:

1. The Debtor is a Washington University graduate whose annual wages, at the time of the dissolution, exceeded $37,000. (Finding of Fact ¶ 16).

2. The Debtor's wife possesses a high school diploma and earns approximately $13,000 per year. (Findings of Fact ¶ 17).

3. "Each party earns an income sufficient to support himself or herself, and therefore, there is no necessity to award maintenance to either party, both of whom, in all events, waived their respective rights to maintenance." (Findings of Fact ¶ 18).

4. The parties have one minor child.

5. "Wife is without adequate funds to support and maintain the minor child by herself, and husband earns an income sufficient to permit him to contribute to the support of the minor child." (Findings of Fact ¶ 21).

6. "Wife's counsel testified that she agreed to charge Wife $125.00 per hour ... through the evidentiary hearing, she has incurred fees of $8,587.50 in her representation of Wife, for which she has been paid $525.00 by Wife." (Findings of Fact ¶ 22).

7. "Wife is without sufficient funds to pay all her own attorney's fees; whereas, Husband has sufficient income and assets to contribute to payment of the attorneys fees of Wife." (Findings of Fact ¶ 24).

8. "Husband is guilty of marital misconduct which has imposed on Wife greater and additional burdens than are normally undertaken by a spouse in a marital relationship; e.g., Husband "bugged" the telephone into the parties' residence, physically assaulted Wife, who, after he kicked her in the stomach, obtained an ex parte order of protection." (Findings of Fact ¶ 25).

9. No maintenance shall be awarded to either party, the right thereto having been waived, which shall be non-modifiable upon changed circumstances. (Conclusions of Law ¶ 12).

10. "Each party shall indemnify and hold harmless the other from liability for any expenses or indebtedness, including attorneys fees, which he or she has respectively been ordered to pay under this decree." (Conclusions of Law ¶ 20).

11. "Husband shall pay to Janet F. Catalona the additional sum of $4,000 toward the attorneys fees of Wife." (Conclusions of Law ¶ 21).

At the hearing on this adversary proceeding, each party proffered evidence, by way of Stipulation and through sworn testimony, none of which contradicted the findings of the dissolution court.[1]

## DISCUSSION

The issue in this case concerns the dischargeability of attorney fees awarded to the Plaintiff in the dissolution decree. Section 523(a)(5)(B) of the Bankruptcy Code[2] reads in pertinent part as follows:

(a) A discharge under section 727 ... does not discharge an individual from any debt—

(5) **to a spouse, former spouse,** or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

(emphasis added).

Courts in this Circuit have taken two different paths in reaching a resolution to the issue of whether an award of attorney fees granted directly to the attorney and not to

1. This adversary proceeding named both the attorney for the former spouse and the guardian ad litem as plaintiffs. By separate Order, this Court entered judgment in favor of plaintiff, Chris Adelman–Adler, guardian ad litem.

2. 11 U.S.C. § 101 et seq., all references are to title 11 unless otherwise noted.

the non-debtor former spouse is a non-dischargeable debt under § 523(a)(5).

### I. Plain Language Test

The Western District of Missouri and one court in this district follow a plain language approach. As outlined by Judge Koger in his concisely reasoned decision *In re Garcia*, 174 B.R. 529 (Bankr.W.D.Mo.1994), the four requirements are:

> (1) the obligation is a debt 'to the spouse, former spouse, or child'; (2) the obligation is for 'alimony, maintenance, or support'; (3) is actually in the nature of 'alimony, support, or maintenance ...'; and (4) the obligation arose in or was made in connection with a separation agreement, divorce decree or court order by a court of record.

*Id.,* at 531.

Judge Barta followed *Garcia's* four part test in two recent opinions: *In re Newmark*, 177 B.R. 286 (Bankr.E.D.Mo.1995) and *In re Townsend*, 177 B.R. 902 (Bankr.E.D.Mo. 1995). Furthermore, a Western District of Missouri District Court cited *Garcia* in applying a similar plain language approach. *In re Kline*, 174 B.R. 525 (W.D.Mo.1994). All of these decisions point to recent United States Supreme Court rulings indicating generally that Bankruptcy Courts should follow the plain meaning of statutes. *See e.g. United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).[3]

In each of the cited decisions using the plain language analysis, the determining fact was that the attorney fees were payable to the attorney for the spouse and not "to the spouse." These courts did not reach the issue of whether the dissolution court's requirement that the debtor pay the attorney fees represented maintenance or support of the non-debtor spouse. If the dissolution court does not list the fees as payable to the spouse, the analysis ends.

### II. The Totality of the Circumstances Test

An earlier line of cases appears to trace from the Eighth Circuit's decision in *In re Williams*, 703 F.2d 1055 (8th Cir.1983). The cases following *Williams* apply a totality of the circumstances analysis in looking at the award. This analysis has been utilized in this district to review awards of attorney fees payable to a spouse in such cases as *In re Dunscombe*, 137 B.R. 768 (Bankr.E.D.Mo. 1992) (J. Barta) and *In re Ellis*, 149 B.R. 927 (Bankr.E.D.Mo.1993) (J. McDonald) and also in circumstances when the attorney fee award was payable directly to the attorney. *See In re Burns*, 149 B.R. 578 (Bankr. E.D.Mo.1993) (J. McDonald); *In re Ellis*, 149 B.R. 925 (Bankr.E.D.Mo.1993) (J. McDonald);[4] and *In re Lombardo*, 150 B.R. 730 (Bankr.E.D.Mo.1993) (J. McDonald).

In *Williams* the Eighth Circuit held that an award of attorney fees payable to the spouse should not be discharged if in the nature of alimony or support. 703 F.2d 1055, 1057–58. The Court of Appeals, however, did more than merely make a limited factual holding. Rather, the court gave a framework under which a bankruptcy court should review a state court created obligation to make payments to a former spouse.

> Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. **Debts payable to third persons can be viewed as maintenance or support obligations;** the crucial issue is the function the award was intended to serve. Though we of course regard the decisions of the state courts with deference, bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement.

---

3. The *Ron Pair* decision dealt with § 506(b) and in particular the significance of a comma in that subsection. There is no Supreme Court decision which deals with the subsection in question in this case.

4. *In re Ellis* appears to contain two awards of attorney fees, one award made to the spouse for fees related to the appeal of the state trial court's decree, 149 B.R. 927 at 929, and another award made payable to the attorney for fees relating to the decree of dissolution in the state trial court. 150 B.R. 730 at 731.

*Williams,* 703 F.2d at 1056–57 (citations to legislative and case authority omitted) (emphasis added).

With respect to the issue of attorney fees and the methodology by which a bankruptcy court should review the fee award, the Court of Appeals wrote:

> [U]ndertakings by one spouse to pay the other's debts, **including a debt to a lawyer for fees,** can be "support" for bankruptcy purposes. So can periodic payments required to be made **to a former spouse,** even if the decree labels these payments a "property settlement." Whether in any given case such obligations are in fact for "support" and therefore not dischargeable in bankruptcy, is a question of fact to be decided by the Bankruptcy Court as trier of fact in light of all the facts and circumstances relevant to the intention of the parties.

*Id.,* at 1057–58 (emphasis added).

Case law which proceeded the *Williams* decision has espoused a number of factors to consider in order to determine if an award of attorney fees can be considered "support" for bankruptcy purposes. These factors include:

1. Whether the support granted has been inadequate but for the debt assumption or the award of fees.

2. The relative financial resources of each spouse.

3. Whether the assumption of the debt or award of fees was fashioned to balance the disparate incomes of the parties.

4. The relative age, work skills, and education levels of the parties.

5. Whether the non-debtor relinquished the right to seek maintenance in exchange for the payments to a third party.

6. Whether there are minor children in the care of the non-debtor.

7. The standard of living of the parties during the marriage.

8. The circumstances contributing to the estrangement of the parties.[5]

Such a fact intensive review is an attempt to carefully follow the Eighth Circuit's instruction to examine "all the facts and circumstances relevant to the intention of the parties." *Williams,* 703 F.2d at 1058.

## III. Methodology Applied by this Court

■ Upon consideration of the plain language approach followed by the recent cases such as *In re Garcia,* 174 B.R. 529 (Bankr. W.D.Mo.1994) and the earlier line of cases reviewing all the facts in each case, this Court will apply the totality of the circumstances test as outlined in *In re Williams,* 703 F.2d 1055 and applied by *In re Burns,* 149 B.R. 578; *In re Ellis,* 149 B.R. 925; and *In re Lombardo,* 150 B.R. 730.

The Court chooses this path for several reasons: 1) applying the totality of the circumstances test to awards payable directly to the attorney follows the Eighth Circuit's instructions in *In re Williams;* 2) applying the plain language approach could possibly yield an absurd result; and 3) Court of Appeals decisions from other circuits and a substantial number of bankruptcy court decisions have applied a similar factually intensive approach.

■ This Court must follow the decisions of a higher court having direct appellate review. Decisions of the United States District Court for the Eastern District of Missouri, the Eighth Circuit Court of Appeals, and the United States Supreme Court are binding upon this Court. Despite the thoughtful attempts to limit *Williams* to the narrow facts presented to the Court of Appeals, the broad language used by that court indicates that the opinion should be read as providing a framework for how lower courts should handle these § 523(a)(5) proceedings. Having provided such instruction, this Court shall follow it.

■ Further, to limit *Williams* may produce an absurd result. For example: a guardian ad litem is appointed to represent a minor child during the course of a dissolution

---

5. For a further expansion on the factors a bankruptcy court should consider, *see In re Gianakas,* 917 F.2d 759, 762 (3rd Cir.1990); *In re Rump,* 150 B.R. 450, 454 (Bankr.E.D.Mo.1993); *In re*

*Ellis,* 149 B.R. 925 (Bankr.E.D.Mo.1993); *In re Barnett,* 62 B.R. 661 (Bankr.E.D.Mo.1986); *In re Horton,* 69 B.R. 42 (Bankr.E.D.Mo.1986).

proceeding. The state family law court may require the noncustodial parent to pay the child's attorney fees. If this parent then files for bankruptcy relief, a bankruptcy court following the plain language approach would discharge the claim of the guardian ad litem merely because an award reads "to the attorney for the child's fees." Clearly under these circumstances the award would be intended as support for the minor child. The totality of the circumstances approach to § 523(a)(5) would recognize the obligation as one for support, but application of the plain language test would yield too rigid a result to accomplish the intent of the statute.

This Court is also mindful of the other Circuit Court of Appeals decisions and substantial number of bankruptcy court decisions recognizing the non-dischargeability of an award of attorney fees payable directly to the former spouse's attorney and applying a similar fact-intensive analysis. The non-exclusive list of courts that have similarly held is as follows: *In re Joseph,* 16 F.3d 86 (5th Cir.1994); *In re Peters,* 964 F.2d 166 (2nd Cir.1992); *In re Silansky,* 897 F.2d 743 (4th Cir.1990); *In re Farrell,* 133 B.R. 145 (Bankr.S.D.Ind.1991); *In re Aughenbaugh,* 119 B.R. 861 (Bankr.M.D.Fla.1990); *In re Poe,* 118 B.R. 809 (Bankr.N.D.Okla.1990); *In re Schmiel,* 94 B.R. 373 (Bankr.E.D.Pa.1988); *In re Vazquez,* 92 B.R. 533 (Bankr.S.D.Fla. 1988).

### IV. Applying the Totality of the Circumstances Test to the Facts in this case

The party asserting the non-dischargeability of a marital debt has the burden of proof and the court must apply the preponderance of the evidence standard. Fed.R.Bankr.P. 4005; *Grogan v. Garner,* 498 U.S. 279, 283, 111 S.Ct. 654, 657, 112 L.Ed.2d 755 (1991).

Upon consideration of all the evidence presented in this action and the factors delineated above, the Court finds that the debt to the Plaintiff is non-dischargeable in the Debtor's Chapter 7 bankruptcy proceeding. The Debtor's disparity in earnings, education, financial resources and work skills demonstrate that the award of attorney fees was intended as support. The uncontrovert-

ed findings of the dissolution court note that the "wife is without sufficient funds to pay all her own attorney's fees" (Findings of Fact ¶ 24) thereby demonstrating that the award was intended to support the former spouse and not to punish the Debtor or divide property between the parties. Moreover, the circumstances contributing to the estrangement of the parties, indicates that the Debtor should continue to bear the burden of paying the Plaintiff.

In light of the facts presented, the Court is convinced that the intent of the parties as well as that of the state court judge was to award the attorney fees as a means of supporting the former spouse and such was the function of the award.

### CONCLUSION

For these reasons, it is

ORDERED that the obligation to Plaintiff Janet F. Catalona in the amount of $3,990.00 plus interest from the date of the award is non-dischargeable under 11 U.S.C. § 523(a)(5);

IT IS FURTHER ORDERED that all other requests are Denied.