In re Lyndon Wallace HARR, Debtor.

Dorothea MOORE, Plaintiff,

v.

Lyndon HARR, Defendant.

Bankruptcy No. 97–45619–293.
Adversary No. 98–4056.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 25, 1998.

**719**

Mark Samila, Brown & Crouppen, St. Louis, MO, for Debtor.

Timothy Anderson, St. Louis, MO, for Plaintiff.

Leslie A. Davis, Clayton, MO, trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(*l*), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

1. Lyndon Wallace Harr, Debtor, filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) on June 11, 1997.

2. The Court discharged Debtor of his debts on September 17, 1997.

3. On September 29, 1997, Debtor moved the Court to reopen his case so that it might quash an arrest warrant entered by the Circuit Court of St. Louis County based upon Debtor's failure to pay what he contended was a debt discharged in his bankruptcy.

4. The Court granted Debtor's Motion to Reopen, and Debtor filed a Motion to Recall Arrest Warrant and for Order Prohibiting St. Louis County Circuit Court From Entering Further Orders.

5. The Court held a hearing on the Motion to Recall. Debtor and Dorothea Moore were both represented by counsel at the hearing. Argument was presented concerning whether a debt owed to Moore, which served as the basis of the arrest warrant Debtor wanted the Court to order the Circuit Court for St. Louis County to recall, had been discharged in Debtor's bankruptcy. The Debtor maintained that because this debt had been discharged, the state court should recall its arrest warrant.

6. On March 9, 1998, the Court entered an Order denying Debtor's Motion to Recall on the ground that the motion really sought a determination of the dischargeability of a debt and, therefore, was the improper vehicle for raising this issue.

7. On March 10, 1998, Dorothea Moore filed this adversary challenging the dischargeability of a Four Thousand Dollar ($4,000.00) debt representing attorney's fees the Circuit Court for St. Louis County ordered Debtor to pay to Moore as a result of a case in which custody of Debtor's daughter was awarded to Moore. Moore based her claim of non-dischargeability on section 523(a)(5) of the Bankruptcy Code. Moore maintained that because the case before the Circuit Court for St. Louis County involved the custody of Debtor's child and was decided upon the best interests of that child, the attorney's fees incurred in that case are in the nature of child support.

8. Debtor filed an answer denying that section 523(a)(5) barred the discharge of the debt he owed to Moore.

9. The parties consented to have the Court decide the issue of dischargeability raised by Moore's complaint on the basis of the record established in the prosecution of the Debtor's Motion to Recall Arrest Warrant and for Order Prohibiting St. Louis County Circuit Court From Entering Further Orders.

### JOINT STIPULATION OF FACTS

The parties stipulated to the following facts as true:

1. Debtor Lyndon Harr was married to one Christina R. Harr. There was one child born to that marriage, namely Jennifer

Heather Harr. Jennifer was born June 15, 1986.

2. On September 19, 1990, the Circuit Court of St. Louis County issued a decree dissolving the marriage of Lyndon and Christina Harr. As part of that decree the Court awarded primary physical custody and control of Jennifer to mother, Christina Harr, while awarding joint legal custody of her to Lyndon and Christina Harr.

3. Creditor Dorothea Moore is the mother of Christina R. Harr and the grandmother of Jennifer Heather Harr.

4. Even before the dissolution of the Harr marriage Jennifer resided with Dorothea Moore and her husband Tom. Jennifer has and continues to the present day to reside with Dorothea and Tom Moore.

5. In 1995 Lyndon Harr filed a Motion to Modify the decree of the Circuit Court to obtain physical custody of Jennifer. After Debtor sought physical custody of Jennifer, Dorothea Moore and her husband intervened in the proceeding seeking physical and legal custody of Dorothea's granddaughter, Jennifer.

6. A guardian ad litem was appointed for Jennifer.

7. A hearing was held in the St. Louis County Circuit Court on the competing pending motions involving the custody of Jennifer.

8. On September 13, 1996, the [Circuit] Court entered its Order and Judgment awarding primary care and legal custody of Jennifer to Dorothea Moore as well as her attorney's fees and the fees of the Guardian Ad Litem. The Court ordered that attorney's fee be awarded to Intervenor, Dorothea Moore, in the amount of Two Thousand Five Hundred Dollars ($2,500.00), jointly and severely against both Lyndon Harr and Christina Harr.

9. On December 16, 1997, the Missouri Court of Appeals affirmed in all respects the said Judgment of the Circuit Court of St. Louis County.

10. Pending the appeal, the Circuit Court of St. Louis County, on April 10, 1997, ordered Debtor to pay the Intervenor/Creditor Dorothea Moore, the sum of One Thousand Five Hundred Dollars ($1,500.00), as and for attorney's fees incurred on appeal. As a result of this additional award, the total attorney's fees awarded to Dorothea Moore by the Circuit Court for St. Louis County is Four Thousand Dollars ($4,000.00).

11. On April 16, 1997, Creditor Dorothea Moore filed a Motion with the Circuit Court seeking to have Debtor Lyndon Harr held in contempt for failing and refusing to pay Dorothea Moore any amount due for attorney fees per the Court's September 13, 1996, Judgment.

12. On October 23, 1997, the Motion for Contempt was called for hearing, but was continued to November 20, 1997. Lyndon Harr agreed in the Court's Order of Continuance to pay Six Hundred Dollars ($600.00) on or before November 1, 1997, and One Hundred Dollars ($100.00), each and every month thereafter until the Court's Judgment of September 13, 1996, awarding Two Thousand Five Hundred Dollars ($2,500.00), in attorney fees to Dorothea Moore was paid.

13. On November 20, 1997, Debtor Lyndon Harr was found in contempt of the St. Louis Circuit Court for his failure to pay any amount of the Two Thousand Five Hundred Dollars ($2,500.00) attorney's fees ordered to be paid in the Court's Judgment of September 13, 1996. The [Circuit] Court issued a "Warrant and Commitment" Order for nonpayment of child support directed to the police or sheriff to arrest Lyndon Harr relating to his failure to pay said attorney fees.

14. On June 11, 1997, Lyndon Harr filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri, Case No. 97–45619–293. Debtor Harr did not list Dorothea Moore as one of his creditors. Donald H. Clooney was listed as a creditor of Lyndon Harr in Debtor's bankruptcy [schedules].

15. Donald H. Clooney was and is the attorney of Dorothea Moore in the matters involving the custody of Jennifer Harr.

16. On September 17, 1997, Lyndon Harr was granted a discharge of his debts by the aforesaid bankruptcy court.

## DISCUSSION

Creditor Dorothea Moore contends that the state Circuit Court's award of attorney's fees to her is non-dischargeable under section 523(a)(5) of the Bankruptcy Code. Section 523(a)(5) of the Bankruptcy Code, in relevant part, excepts from discharge, any debt owed:

> to a ... child of the debtor, for ... [the] support of such ... child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5).

■ Although the language of section 523(a)(5) states that it bars the discharge of debts owed "to a spouse, former spouse or child of the debtor," the Eighth Circuit has not applied this language strictly. *See Holliday v. Kline (In re Kline)*, 65 F.3d 749, 751 (8th Cir.1995) (holding section 523(a)(5) to except from discharge debt for former spouse's attorney's fees payable directly to the former spouse's attorney because debt served function of maintenance). Although *In re Kline*, involved payments to a former spouse's attorney that were found to be maintenance for the former spouse, the Court believes its reasoning applies equally to payments, like those in the case at bar, made to a third party for the benefit of a child of the debtor. Therefore, the Court concludes that the fact that the debt Harr owes to Moore is not, strictly speaking, owed "to a child of the debtor," does not remove that debt from the scope of section 523(a)(5).

■ In deciding whether section 523(a)(5) excepts a debt from discharge, the critical inquiry is whether the debt served a maintenance or support function. *See Adams v. Zentz*, 963 F.2d 197, 198 (8th Cir.1992) citing *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir.1983). Although the Tenth Circuit Court of Appeals has held that "in all custody actions the ultimate goal is the welfare of the child" and so "court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under § 523(a)(5) as being incurred on behalf of the child," *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881–82 (10th Cir.1993), the Eighth Circuit has adhered to a case-by-case, factual inquiry to determine whether a debt serves a maintenance or support function. *See Adams*, 963 F.2d at 197, 198 (upholding bankruptcy court determination that attorney's fees incurred during post-divorce custody battle "were a repercussion of [creditor/father's] desire to enforce his [visitation] rights" not a form of child support).

In a case similar to this case, Judge Barta of this Court held that section 523(a)(5) bars the discharge of a debt owed directly to a guardian ad litem. *Pleban v. O'Toole (In re O'Toole)*, 194 B.R. 629, 631 (Bankr.E.D.Mo. 1996) *see also Nevettie v. Doering*, —— B.R. —— (Bankr.E.D.Mo.1998) (J. Barta). In concluding that section 523(a)(5) excepted from discharge the guardian ad litem fees at issue in *O'Toole*, Judge Barta found that guardian ad litem fees incurred investigating allegations of parental abuse benefitted the child and, therefore, were in the nature of support. *Id.* at 630. Similarly, Judge Schermer of this Court has observed, in dicta, that guardian ad litem fees arising in a dissolution proceeding would be considered a support obligation to which section 523(a)(5) would apply. *Catalona v. Holdenried (In re Catalona)*, 178 B.R. 782, 786 (Bankr.E.D.Mo. 1995). *See also, Madden v. Staggs (In re Staggs)*, 203 B.R. 712, 720 (Bankr.W.D.Mo. 1996) (holding guardian ad litem fees to be non-dischargeable after examining factual character of those fees).

■ Moore incurred the attorney's fees upon which Debtor's debt to her is based in

conjunction with the hearing to determine custody of Debtor's daughter. The purpose of the custody proceedings was to determine who could best care for Debtor's daughter and the state court effected a resolution of the case based upon the child's best interests. In the same way that guardian ad litem fees benefit a child, the Court finds that the attorney's fees incurred in this case benefitted Debtor's daughter. The Court finds that the $2,500.00 of attorney's fees the Circuit Court for St. Louis County awarded to Moore at the conclusion of the custody hearing served a support function for Debtor's daughter. These fees, therefore, are non-dischargeable under section 523(a)(5). The Court also finds that the additional attorney's fees of $1,500.00 the Circuit Court for St. Louis County ordered Debtor to pay to Moore served a support function because they were incurred defending the initial $2,500.00 award. *See Ellis v. Ellis (In re Ellis)*, 149 B.R. 927, 931–32 (Bankr.E.D.Mo. 1993) (attorney's fees incurred defending maintenance award were also non-dischargeable because they served a support function).